FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D N.Y

★ JUL 24 2012 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
ALEX COLLADO,
                      Plaintiff,

-against-

MICHAEL SPOSATO, Sheriff of Nassau County,

                      Defendant.
------------------------------------------------------X

ORDER
12-CV-2151 (SJF)(WDW)

FEUERSTEIN, District Judge:

I.    Introduction

On April 27, 2012, *pro se* plaintiff Alex Collado ("plaintiff") filed a complaint against defendant Michael Sposato ("Sposato"), as sheriff of Nassau County, pursuant to 42 U.S.C. § 1983 ("Section 1983"), accompanied by an application to proceed *in forma pauperis*. Plaintiff's financial status, as set forth in the declaration in support of his application to proceed *in forma pauperis*, qualifies him to commence this action without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). Accordingly, plaintiff's application to proceed *in forma pauperis* is granted. However, for the reasons set forth below, the complaint is *sua sponte* dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

II.    The Complaint

In his complaint, plaintiff alleges:

> "On 3-18-12 during the Noon meal I did not receive my prescribed no onion which I'm allergic to onion's [sic] and seafood. The[y] are not providing my diet tray, in this jail."

(Compl. at ¶ IV). Plaintiff also alleges:

1

> "I have a stomach pain, I don't know what I got because evertime [sic] I eat the food I get pains in my stomach."

(Compl. at ¶ V). Plaintiff does not indicate what relief, if any, he is seeking in this action. Id.

III.  Discussion

    A.  Standard of Review

Under both the Prison Litigation Reform Act, 28 U.S.C. § 1915A, and the *in forma pauperis* statute, 29 U.S.C. § 1915(e)(2), a district court must dismiss a complaint if it is frivolous or malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B). See Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007) (finding both Section 1915 and Section 1915A to be applicable to a prisoner proceeding *in forma pauperis*).

It is axiomatic that district courts are required to read *pro se* complaints liberally, see Erickson v. Pardus, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)); Hill v. Curcione, 657 F.3d 116, 122 (2d Cir. 2011), and to construe them "to raise the strongest arguments [that they] suggest[]." Jabbar v. Fischer, 683 F.3d 54, 56 (2d Cir. 2012) (quotations, alterations and citations omitted). Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations in the complaint." Harrington v. County of Suffolk, 607 F.3d 31, 33 (2d Cir. 2010); see also Ashcroft v. Iqbal, 556 U.S. 662, 678-79, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

Nevertheless, a complaint must plead sufficient facts "to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974,

2

167 L. Ed.2d 929 (2007). The pleading of specific facts is not required; rather a complaint need only give the defendant "fair notice of what the * * * claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007) (quotations and citation omitted); see also Anderson News, LLC v. American Media, Inc., 680 F.3d 162, 182 (2d Cir. 2012) (accord). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft, 556 U.S. at 678, 129 S.Ct. 1937 (quoting Twombly, 550 U.S. at 555, 127 S.Ct. 1955). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 557, 127 S.Ct. 1955); see also Gallop v. Cheney, 642 F.3d 364, 368 (2d Cir. 2011) (accord). "Factual allegations must be enough to raise a right to relief above the speculative level, * * * on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. at 555-56, 127 S.Ct. at 1959; see also Starr v. Sony BMG Music Entertainment, 592 F.3d 314, 321 (2d Cir. 2010), cert. denied, 131 S. Ct. 901, 178 L. Ed. 2d 803 (2011) (accord). The plausibility standard requires "more than a sheer possibility that defendant has acted unlawfully." Ashcroft, 556 U.S. at 678, 129 S.Ct. at 1949; see also Wilson v. Merrill Lynch & Co., Inc., 671 F.3d 120, 128 (2d Cir. 2011) (accord).

B. Section 1983

Section 1983 of Title 42 of the United States Code provides, in relevant part:

> "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . ."

3

To state a claim under Section 1983, a plaintiff must allege (1) that the challenged conduct was "committed by a person acting under color of state law," and (2) that such conduct "deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States." Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010), cert. denied sub nom Cornejo v. Monn, 131 S. Ct. 158, 178 L. Ed. 2d 243 (2010) (quoting Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994)); see also Rehberg v. Paulk, 132 S. Ct. 1497, 1501-02, 182 L. Ed. 2d 593 (2012).

In addition, a Section 1983 claim must allege the personal involvement of any individual defendant in the purported constitutional deprivation. Farid v. Ellen, 593 F.3d 233, 249 (2d Cir. 2010) (quoting Farrell v. Burke, 449 F.3d 470, 484 (2d Cir. 2006)); see also Pettus v. Morgenthau, 554 F.3d 293, 300 (2d Cir. 2009). "Personal involvement" may be established by evidence of direct participation by a supervisor in the challenged conduct, or by evidence of a supervisory official's "(1) failure to take corrective action after learning of a subordinate's unlawful conduct, (2) creation of a policy or custom fostering the unlawful conduct, (3) gross negligence in supervising subordinates who commit unlawful acts, or (4) deliberate indifference to the rights of others by failing to act on information regarding the unlawful conduct of subordinates." Hayut v. State Univ. of New York, 352 F.3d 733, 753 (2d Cir. 2003); see also Back v. Hastings on Hudson Union Free School District, 365 F.3d 107, 127 (2d Cir. 2004); Johnson v. Newburgh Enlarged School District, 239 F.3d 246, 254-55 (2d Cir. 2001). "The fact that [a defendant] was in a high position of authority is an insufficient basis for the imposition of personal liability." Al-Jundi v. Estate of Rockefeller, 885 F.2d 1060, 1065 (2d Cir. 1989); see also Back, 365 F.3d at 127; Black v. Coughlin, 76 F.3d 72, 74 (2d Cir. 1996). A complaint based upon a violation under Section 1983 that does not allege facts establishing the personal involvement of an individual defendant fails as a

matter of law. See Costello v. City of Burlington, 632 F.3d 41, 48-9 (2d Cir. 2011).

Plaintiff has not alleged the direct participation of Sposato, the only defendant named in the complaint, in any of the wrongdoing alleged in his complaint, nor any basis upon which to find Sposato liable in a supervisory capacity. Accordingly, the complaint is dismissed in its entirety for failure to state a claim for relief.

### C. Leave to Amend

Although "[t]he court should freely give leave [to amend] when justice so requires," Fed. R. Civ. P. 15(a)(2), "motions to amend should generally be denied in instances of futility, undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to the non-moving party." Burch v. Pioneer Credit Recovery, Inc., 551 F.3d 122, 126 (2d Cir. 2008) (citing Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)); see also Ruotolo v. City of New York, 514 F.3d 184, 191 (2d Cir. 2008).

Since any amendment to plaintiff's complaint would be futile because, *inter alia*, his allegations that he was provided a meal that contained onions on one (1) occasion and has been denied his "diet tray" while incarcerated at the Nassau County jail do not give rise to a constitutional deprivation, his complaint against Sposato is dismissed in its entirety with prejudice.

#### 1. Deliberate Indifference

"A convicted prisoner's claim of deliberate indifference to his medical needs by those overseeing his care is analyzed under the Eighth Amendment because the right the plaintiff seeks to vindicate arises from the Eighth Amendment's prohibition of 'cruel and unusual punishment.'"

5

Caiozzo v. Koreman, 581 F.3d 63, 69 (2d Cir. 2009) (quoting Weyant v. Okst, 101 F.3d 845, 856 (2d Cir. 1996)). However, "a person detained prior to conviction receives protection against mistreatment at the hands of prison officials under the Due Process Clause of the Fifth Amendment if the pretrial detainee is held in federal custody, or the Due Process Clause of the Fourteenth Amendment if held in state custody." Id. Regardless of whether the plaintiff is a convicted prisoner or pretrial detainee, however, "the standard for deliberate indifference is the same under the Due Process Clause of the Fourteenth Amendment [or Fifth Amendment] as it is under the Eighth Amendment." Id. at 70-71, 72; see also Cuoco v. Moritsugu, 222 F.3d 99, 106 (2d Cir. 2000).

A claim for deliberate indifference has both an objective and subjective component. See Hill, 657 F.3d at 122; Collazo v. Pagano, 656 F.3d 131, 135 (2d Cir. 2011). Objectively, "the alleged deprivation must be sufficiently serious, in the sense that a condition of urgency, one that may produce death, degeneration, or extreme pain, exists." Hill, 657 F.3d at 122 (quoting Hathaway v. Coughlin, 99 F.3d 550, 553 (2d Cir. 1996)); see also Johnson v. Wright, 412 F.3d 398, 403 (2d Cir. 2005). In order to determine whether an alleged deprivation was objectively serious, the court must inquire (1) whether the prison officials acted reasonably in response to the inmate's needs; and (2) what harm, if any, the inadequacy in the officials' response to the inmate's need has caused or will likely cause the inmate. Salahuddin v. Goord, 467 F.3d 263, 279-80 (2d Cir. 2006).

"Subjectively, the official must have acted with the requisite state of mind, the 'equivalent of criminal recklessness,'" Collazo, 656 F.3d at 135 (quoting Hathaway, 99 F.3d at 553); see also Wilson v. Seiter, 501 U.S. 294, 299, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991) (holding that a

deliberate indifference claim "mandate[s] inquiry into a prison official's state of mind."), i.e., the official must have "act[ed] or fail[ed] to act while actually aware of a substantial risk that serious inmate harm will result." Salahuddin, 467 F.3d at 280; see also Jabbar, 683 F.3d at 57 ("The prison official must know of, and disregard, an excessive risk to inmate health or safety."); Caiozzo, 581 F.3d at 72 (holding that the plaintiff must establish that the official "knew of and disregarded an excessive risk to [the plaintiff's] health or safety and * * * was both aware of facts from which the inference could be drawn that a substantial risk of serious harm existed, and also drew the inference." (alterations and quotations omitted)). Generally, "mere allegations of negligen[ce] * * * do not state a claim of deliberate indifference." Hathaway, 99 F.3d at 553; see also Jabbar, 683 F.3d at 57 ("[D]eliberate indifference requires more than mere negligence." (quotations and citation omitted)); Farid, 593 F.3d at 249 ("[N]egligence is insufficient to support an Eighth Amendment [deliberate indifference] claim.")

Although "[p]risons have an affirmative duty to provide their inmates with nutritionally adequate food * * *[,] assuming a diet's nutritional adequacy, prison officials have the discretion to control its contents." Word v. Croce, 169 F. Supp. 2d 219, 226 (S.D.N.Y. 2001). "Absent religious or medically peculiar circumstances, a prisoner does not have a right to a specialized diet while incarcerated, vegetarian or otherwise." Id. (quotations, alterations and citation omitted). "Preference for certain foods and dislike of others cannot be equated with a constitutional guarantee to a custom-tailored menu." Id.

However, under certain circumstances, the denial of a medically required diet may constitute a constitutional violation. See LaBounty v. Gomez, No. 94 Civ. 3360, 1998 WL 214774, at * 2 (S.D.N.Y. May 1, 1998), aff'd, 175 F.3d 1008 (2d Cir. Mar. 26, 1999); Tafari v.

7

Weinstock, No. 07 CV 0693, 2010 WL 3420424, at * 7 (W.D.N.Y. Aug. 27, 2010); Evans v. Albany County Correctional Facility, No. 9:05-CV-1400, 2009 WL 1401645, at * 9 (N.D.N.Y. May 14, 2009); Mandala v. Coughlin, 920 F. Supp. 342, 353 (E.D.N.Y. 1996). "[T]o establish a valid claim that the denial of * * * a medically proscribed diet[] constitutes an Eighth Amendment violation, one must establish that there was a sufficiently serious condition that resulted from the food not being received." Tafari, 2010 WL 3420424, at * 7 (quotations and citations omitted); see also Evans, 2009 WL 1401645, at * 9 (accord). Moreover, "[m]ere negligence or inadvertent failure to provide a medically necessary diet is not a constitutional violation." Abdush-Shahid v. Coughlin, 933 F. Supp. 168, 180 (N.D.N.Y. 1996).

Even assuming, *arguendo*, that an onion-free diet is medically indicated for plaintiff due to an allergy, plaintiff cannot state a claim of deliberate indifference because, *inter alia*: (1) the alleged failure to provide him with an onion-free diet has not resulted in a sufficiently serious condition since the only harm alleged by plaintiff is stomach pains "ever[y]time [he] eat[s] the food," (Compl., at ¶ V), see, e.g. Sledge v. Kooi, 564 F.3d 105, 108 (2d Cir. 2009) (holding, *inter alia*, that none of the conditions of which the plaintiff complained, i.e., eczema, back pain, various stomach disorders, allergies and asthma, qualified as a "serious medical need"); Tafari, 2010 WL 3420424, at * 7 (finding that the plaintiff's complaints of constipation, vomiting and stomach pain were not sufficiently serious to establish an Eighth Amendment violation); Mortimer Excell v. Fischer, 9:08-CV-945, 2009 WL 3111711, at * 4 (N.D.N.Y. Sept. 24, 2009) ("[C]onclusory allegations of heart, chest, and stomach pain, without more, do not satify the objective prong of the Eighth Amendment test."); H'Shaka v. Drown, No. 9:03-CV-937, 2007 WL 1017275, at * 18 (N.D.N.Y. Mar. 30, 2007) (holding that a milk allergy does not constitute a serious illness under

the Eighth Amendment); Porter v. Coombe, No. 97 Civ. 2394, 1999 WL 587896, at * 3 (S.D.N.Y. Aug. 4, 1999) (finding the plaintiff's allergy to milk to be an insufficiently serious medical condition); Maurice v. N.Y.C. Department of Corrections, No. 93 Civ. 6008, 1997 WL 431078, at * 3 (S.D.N.Y. July 30, 1997) (finding that the plaintiff had not shown that he suffered from a sufficiently serious medical condition to implicate Eighth Amendment concerns where he alleged only that he suffered from stomach cramps and diarrhea as a result of eating a non-vegetarian meal); and (2) there are no factual allegations from which it may plausibly be inferred that Sposato had a sufficiently culpable state of mind, particularly since plaintiff does not allege that he ever informed Sposato that he was not receiving a medically indicated diet. See Evans, 2009 WL 1401645, at * 9 ("If Plaintiff is able to establish a 'sufficiently serious condition,' he must also establish that corrections personnel intentionally denied, delayed access to, or interfered with the receipt of food. * * * In addition, a showing of deliberate indifference requires more than just vague and conclusory allegations. * * * [A] plaintiff has a duty to inform facility staff that he was not receiving his medically prescribed diet, and if he fails to do so, deliberate indifference does not exist." (quotations, alterations and citations omitted)); Martinez v. Lape, No. 09-cv-665, 2011 WL 4527943, at * 9 (N.D.N.Y. Mar. 28, 2011), report and recommendation adopted by 2011 WL 4528980 (Sept. 28, 2011) (recommending dismissal of the plaintiff's Eighth Amendment claim where, *inter alia*, the plaintiff had not immediately informed prison staff that he was not receiving his prescribed dietary needs). At most, plaintiff's allegations state a claim for "negligent oversight" by unidentified individuals which does not rise to the level of a constitutional violation. See, e.g. Evans, 2009 WL 1401645, at * 11.

Since plaintiff cannot establish that Sposato's conduct "deprived [him] of rights, privileges,

or immunities secured by the Constitution or laws of the United States," Cornejo, 592 F.3d at 127, he cannot state a Section 1983 claim as a matter of law. Accordingly, any amendment to the complaint would be futile and the complaint is therefore dismissed in its entirety with prejudice.

IV. Conclusion

For the reasons set forth above, plaintiff's application to proceed *in forma pauperis* is granted and the complaint is *sua sponte* dismissed in its entirety with prejudice pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2). Pursuant to Rule 77(d)(1) of the Federal Rules of Civil Procedure, the Clerk of the Court is directed to serve notice of entry of this order upon all parties, including mailing a copy of this order to plaintiff at his last known address in accordance with Rule 5(b)(2)(C).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

SO ORDERED.                          s/ Sandra J. Feuerstein

                                         Sandra J. Feuerstein
                                         United States District Judge

Dated: July 24, 2012
       Central Islip, New York